UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARTON R. MARTOS,

                    Plaintiff,

-vs-                                  Case No. 2:10-cv-246-FtM-29SPC

LEE MEMORIAL HEALTH SYSTEM,

                    Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Compel Production of Documents (Doc. #16) filed on January 3, 2011[1]. The Defendant filed a Response (Doc. #18) on January 18, 2011, both parties stipulating to the timeliness, and therefore this Motion is ripe for review. The Plaintiff is asking this Court to overrule Defendant's objections and compel Defendant to answer requests #9, #20, and #21 of Plaintiff's First Request for Production.

The Defendant claims it has properly and diligently complied with Plaintiff's First Request for Production. (Doc. #18 at 1). The Defendant asserts the Plaintiff is seeking discovery that is not relevant, overly broad and burdensome, with no bearing on specific legal issues in dispute.

## Discussion

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. Fed. R. Civ. P.

---

[1] Plaintiff's First Motion to Compel Production of Documents (Doc. #14) provides further background into the development of this motion.

26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id.  "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories.  Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure.  Fed. R. Civ. P. 37(a).  Whether or not to grant the motion to compel is at the discretion of the trial court.  Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party.  Id.

### *(1) Plaintiff's First Request for Production #9*

The Plaintiff moves the Court to Compel Defendant to answer Request #9 of Plaintiff's First

Request for Production, which reads:

> **All records and documents justifying or substantiating the Defendant's need to lay off Plaintiff from his position, including but not limited to financial data or related information.**

(Doc. #16 at 2).

The Defendant provided the following response to Request #9, in pertinent part:

> **Vague and ambiguous, overly broad, overly burdensome, not relevant, immaterial, not reasonably related to the parties' claims or defenses, and not calculated to lead to the discovery of admissible evidence.**

(Doc. #16 at 2).

After establishing a prima facie case for discrimination, Defendant has the burden of production to proffer a legitimate, non-discriminatory reason for the employment action. Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997). Once Defendant satisfies this intermediate burden of production, the Plaintiff "has the opportunity to discredit the defendant's proffered explanations for its decision." Id.

In the instant case, Plaintiff's Request is relevant insofar as it is aimed at discovering evidence that may discredit Defendant's assertion that Plaintiff's job loss was due to a reduction in force. In other words, Plaintiff is entitled to pursue evidence that has the possibility of proving that Defendant's business justification was pretextual. The financial data or related information sought has the potential of providing some evidence of pretext. As such, the Motion to Compel answers to Request #9 is due to be granted.

### *(2) Plaintiff's First Request for Production #20*

The Plaintiff moves the Court to Compel Defendant to answer Request #20 of Plaintiff's First Request for Production, which reads:

> **A copy of any cover letter, correspondence or memorandum from the Defendant describing, explaining or referring to the harassment policies referred to in Requests Nos. 3, 18 and 19.**

(Doc. #16 at 3).

The Defendant provided the following response to Request #20, in pertinent part:

> **Objection, vague and ambiguous, overly broad, not relevant and not limited in scope. As written, this request appears to seek documents that would be protected by attorney client privilege and work product.**

(Doc. #16 at 3).

The Court agrees that Plaintiff's Request #20 is overly broad and could implicate attorney-client privilege and work product issues. To remedy this, the time frame for Request #20 will be limited to the period of 2006-2008. Additionally, any documents relating to Request #20 that implicate attorney-client privilege or work product will be excluded from discovery, but they are to be included in a privilege log.[2] Subject to the above limitations, the Motion to Compel answers to

---

[2] A proper privilege log should contain the following information:

(1) the name and job title or capacity of the author of the document;
(2) the name and job title or capacity of each recipient of the document;
(3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
(4) the title and description of the document;
(5) the subject matter addressed in the document;

(continued...)

Request #20 is due to be granted.

### *(3) Plaintiff's First Request for Production #21*

The Plaintiff moves the Court to Compel Defendant to answer Request #21 of Plaintiff's First Request for Production, which reads:

**Complaints from any employee of Defendant regarding the alleged harasser(s) during 2003-2008.**

(Doc. #16 at 3).

The Defendant provided the following response to Request #21, in pertinent part:

**Objection, overly broad and not relevant as this request is not limited to a reasonable or relevant time frame. Further this request is immaterial, not reasonably related to the parties' claims or defenses, not calculated to lead to the discovery of admissible evidence as this request is not limited in scope.**

(Doc. #16 at 3).

Constructive knowledge of the employer regarding employee harassment, as well as actual knowledge, are relevant to Plaintiff's claim. In reference to constructive notice of harassment of an employee, "[w]here there is no policy, or where there is an ineffective or incomplete policy, the employer remains liable for conduct that is so severe and pervasive as to confer constructive knowledge . . . ." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1279 (11th Cir. 2002).

---

[2] (...continued)
(6) the purpose(s) for which it was prepared or communicated; and
(7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

Plaintiff's request is narrowly tailored in that it asks for complaints relating to the alleged harasser(s) during 2003-2008. This information is relevant in that the Plaintiff must be given the opportunity to discover any harassment that is "so severe and pervasive as to confer constructive knowledge." Id. Any complaint about the alleged harasser(s) could be relevant to the Plaintiff's cause of action, either directly or indirectly. The limited period of time the this Request covers, remedies any concern that the Request is overbroad. As such, the Motion to Compel answers to Request #9 is due to be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Amended Motion to Compel Responses to Plaintiff's First Request for Production of Documents (Doc. #16) is **GRANTED**.

(1) Plaintiff's Motion to Compel answers to Request #9 is **GRANTED**.

(2) Plaintiff's Motion to Compel answers to Request #20 is **GRANTED**, but production is limited to the 2006-2008 time period. Defendant must complete a privilege log for any documents where privilege or work product protection is raised in response to Request #20.

(3) Plaintiff's Motion to Compel answers to Request #21 is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 31st day of January, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record